# United States Court of Appeals for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**
August 7, 2026

Lyle W. Cayce
Clerk

No. 25-20416

Iron Thunderhorse,

*Plaintiff—Appellant*,

*versus*

Bryan Collier, *TDCJ Executive Director, on behalf of himself and all other TDCJ officials, their agents, employees, representatives and third-party vendors acting in concert with them at all TDCJ-UTMB facilities in their official capacity*,

*Defendant—Appellee*.

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:22-CV-1511

Before Stewart, Graves, and Wilson, *Circuit Judges*.

Per Curiam:[*]

Iron Thunderhorse, Texas prisoner # 624391, appeals the district court's dismissal of his civil action against Bryan Collier, Executive Director of the Texas Department of Criminal Justice. Thunderhorse alleged that the department's treatment of elderly, disabled, and chronically ill prisoners

---

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

violated state and international law, several constitutional provisions, and the Americans with Disabilities Act and Rehabilitation Act. After screening the pleadings under § 1915A and several rounds of motions, the district court dismissed some claims for failure to state a claim and granted Collier summary judgment on the rest. On appeal, Thunderhorse challenges the district court's handling of his pleadings, including its dismissal of his claims with prejudice, and of motions pertaining to certification of a class action.

Pro se filings are afforded liberal construction, but even pro se litigants must brief arguments to preserve them. *See Yohey v. Collins*, 985 F.2d 222, 225 (5th Cir. 1993). Thunderhorse does not meaningfully engage with the district court's reasoning. He does not address its conclusions that his allegations failed to provide facts that could demonstrate a discrimination or accommodation claim or that the summary judgment evidence failed to show a genuine issue of material fact on essential elements of several claims. His assertions that the district court applied a "heightened standard" and took facts "out of context" are conclusory and do not identify any particular legal or factual error. And although he invokes an exception to the exhaustion requirement for unavailable administrative remedies, he does not argue—much less show—that the remedies available to him were in fact unavailable. Accordingly, through lack of briefing, Thunderhorse has abandoned any challenge to the district court's rulings that he failed to state a claim or substantiate a genuine issue of material fact, or that the relief he sought was unavailable. *See id.* at 224–25.

Thunderhorse contends he was entitled to a hearing under *Spears v. McCotter*, 766 F.2d 179 (5th Cir. 1985), *overruled on other grounds by Neitzke v. Williams*, 490 U.S. 319 (1989). But he does not show that the district court's use of a questionnaire instead of a hearing prevented him from adequately presenting his claims. *See Brewster v. Dretke*, 587 F.3d 764, 767 (5th Cir. 2009). The record also indicates that Thunderhorse pleaded his

No. 25-20416

best case, in view of which dismissal with prejudice was permissible. *See Bazrowx v. Scott*, 136 F.3d 1053, 1054 (5th Cir. 1998); *Brown v. Taylor*, 829 F.3d 365, 370 (5th Cir. 2016).

The district court denied requests for class certification on the ground that Thunderhorse failed to satisfy the requirements of Federal Rule of Civil Procedure 23. Thunderhorse fails to show that the court abused its discretion by doing so, or that he was entitled to additional process. *See Flecha v. Medicredit, Inc.*, 946 F.3d 762, 766 (5th Cir. 2020).

Accordingly, the judgment of the district court is

AFFIRMED.